IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-CR-421 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| *-v.-* | ) | |
| | ) | SENTENCING MEMORANDUM OF DEFENDANT JORGE ALBERTO GUTIERREZ, JR. |
| JORGE ALBERTO BARRERA GUTIERREZ, JR., | ) | |
| Defendant. | ) | |

Now comes Defendant, Jorge Alberto Barrera Gutierrez, Jr., by and through undersigned counsel, and respectfully submits this Sentencing Memorandum to this Honorable Court. Mr. Gutierrez has pled guilty to Count 1 of the Information, which charges Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A).

Mr. Gutierrez requests that this Court review the circumstances of his case pursuant to 18 U.S.C. § 3553, and impose a sentence sufficient, but not greater than necessary, to fulfill the requirements of 18 U.S.C. § 3553(a). A more thorough explanation of this request is set forth in the attached Memorandum in Support.

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax: 216-241-5022
E-mail: LBChristman@hotmail.com
*Attorney for Defendant*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

Pursuant to a Rule 11(c)(1)(B) plea agreement, Mr. Jorge Alberto Barrera Gutierrez, Jr. has entered a plea of guilty to Count 1 of the Information. Count 1 charges Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Mr. Gutierrez's sentencing hearing is set for November 6, 2019.

## II. SENTENCING GUIDELINES CALCULATION

According to the Presentence Investigation Report ("PSI"), Mr. Gutierrez's base offense level is 30 pursuant to USSG §2D1.1(c)(5). PSI at ¶19. The Base Offense Level of 30 is stipulated to by the parties in the Plea Agreement ("PA"). PA at ¶18. Mr. Gutierrez meets the safety-valve criteria set forth 18 U.S.C. § 3553(f)(1)–18 U.S.C. § 3553(f)(5), thus a two (2) level reduction is applicable under USSG §3B1.2(a). PSI at ¶¶20, 53; *see* PA at ¶4. Additionally, Mr. Gutierrez was a Minimal Participant in the charged offense, which warrants a four (4) level reduction pursuant to USSG §3B1.2(a). PSI at ¶4; PA at ¶19. Mr. Gutierrez has accepted responsibility, and therefore a three (3) level reduction is warranted under USSG §3E1.1(a) and (b). PSI at ¶17; PA at ¶20. He provided the following acceptance of responsibility statement:

> I accept full responsibility for my actions in this case. I am responsible for all of the actions that are attributed to me in the factual basis section of my plea agreement.
>
> I would like this Honorable Court to know how much I regret my decision to be led into this activity by an individual closest to me. I certainly exercised my free will in making the decision to participate in this drug transaction, but the decision was out of character for me based on how I have lived my life.
>
> I am 24 years old and have been responsible with my prior life choices. I finished high school with honors carrying a 3.7 GPA. I went on to Fresno City College for two years, studying education. I worked to support myself during college, and was applying myself to become a teacher. Financial responsibilities became overwhelming and I decided to work full-time and finish my education at a later

> time when my finances became more stable. I have maintained employment since I graduated from high school. I have advanced at every job that I have held and earn the trust and respect of my supervisors. I have never been in any type of trouble prior to my involvement in this case. I am dedicated to my fiancé and my two children. I wish to return to my family as soon as possible under the circumstances. It is hard for me to forgive myself for putting myself in the position to be separated from them, even though my fiancé has forgiven me and is anxiously waiting for me to return home and fulfill my duties as a father, provider, and spouse.
>
> Please know that I will never do anything to jeopardize my freedom in the future and I will abide by all conditions of supervised release upon my return to society.
>
> Please accept my full acceptance of responsibility for my actions.

With the adjustments for the Safety Valve Provision, Mitigating Role, and Acceptance of Responsibility, the final Offense Level is 21. PSI at ¶28.

Mr. Gutierrez has no criminal history. PSI at ¶¶29-35. His criminal history score is zero (0). PSI ¶31. And he is in Criminal History Category I. PSI at ¶32.

With a Total Offense Level of 21 and Criminal History Category I, his Guidelines range of 37 to 46 months is in Zone D of the Guidelines Sentencing Chart. PSI ¶52.

## II. The Statutory Sentencing Factors

The statutory sentencing range established by 21 U.S.C. § 841(a)(1) and (b)(1)(A) is a prison term of 10 years to life; however, Mr. Gutierrez meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5); therefore, "the Court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." PSI at ¶51.

In determining the sentence to be imposed, this Court is to consider the factors codified at 18 U.S.C. § 3553(a), guided by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). As the full Sixth Circuit observed:

> *Booker* empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive

> rules of review means nothing if it does not account for the central reality that *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

*United States. v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (*en banc*), *cert. denied*, 555 U.S. 816 (2008).

*Booker*, and its progeny, permits the sentencing court to consider even those mitigating factors that the advisory guidelines prohibit; i.e., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etcetera. *See, United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005)("'[T]he guidelines' prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the 'history and characteristics' of the Defendant... [T]hus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range.").

Prior to sentencing Mr. Gutierrez, the Court must evaluate the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the defendant. Per 18 U.S.C. § 3553(a), the Court must consider the following: the nature and circumstances of the offense and the history of the defendant; the need for the sentence imposed (considering seriousness of offense, deterrence, protecting the public, and providing the defendant with needed treatment in the most effective manner); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and restitution to the victim of the offense. 18 U.S.C. § 3553(a) (2008).

Looking at the nature and circumstances of the current offense and the history of the defendant, the Court should consider several factors specific to Mr. Gutierrez. Mr. Gutierrez

comes from a tightly knit family and maintains a close bond with his family members. Although his family has, at times, struggled with poverty his parents were always active and involved in his life. He is the father of an 8-month-old girl and has an 8-year-old step-daughter. He is actively involved in the lives of his two children. Mr. Gutierrez was a high school athlete and graduated with honors. Mr. Gutierrez went on to college where he was studying to become a teacher, but faced with financial difficulty, Mr. Gutierrez was forced to leave school for full time employment. At the time of his arrest, Mr. Gutierrez was working for his father as a truck driver.

The second factor to be evaluated by the Court is the need for the sentence imposed, considering seriousness of the offense, deterrence, protecting the public, and providing the defendant with needed treatment in the most effective manner. The legislature and United States Sentencing Commission have recognized that offenders similarly situated with Mr. Gutierrez do not require harsh sentences in order to be justly punished for their crimes. The legislature codified this sentiment through the First Step Act of 2018, which expands the sentencing "safety-valve" for nonviolent drug offenders, like Mr. Gutierrez. This safety valve provision allows for a two-level decrease in the offense level for nonviolent drug offenders who meet the criteria set forth in 18 U.S.C. § 3553(f).

Under 18 U.S.C. § 3553(f), the Court may impose an appropriate sentence, "without regard to any statutory minimum sentence," if the Court finds the following factors to be true: (1) the defendant does not have more than four (4) criminal history points, or a prior 3-point offense, or a prior 2-point violent offense; (2) the defendant did not use violence or threats of violence or possess a weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise; (5)

and not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

Mr. Gutierrez has no criminal history at all; he did not use violence, threats of violence, or a weapon in the acts that he has admitted to through his guilty plea; the present offense did not result in death or serious physical harm to another; Mr. Gutierrez was a minimal participant in the underlying offense; and all other requirements have been met.

Mr. Gutierrez was arrested on June 17, 2019 and has been in custody throughout the pendency of this matter. At the time of his sentencing, Mr. Gutierrez will have spent four (4) months and 20 days in federal custody in the instant case. But he has not squandered that time. Recognizing that recreational drug abuse was an underlying factor that precipitated the instant offense, Mr. Gutierrez has completed a 40-hour Substance Abuse Program and a 40-hour Men's Group Program at NEOCC. Appendix A.

As part of his plea agreement, Mr. Gutierrez has agreed the forfeiture of cash and a vehicle that were seized at the time of his arrest. Mr. Gutierrez requests that no additional fines be imposed, as he lacks the financial capacity to pay a fine. PSR at ¶49.

For the foregoing reasons, Mr. Gutierrez requests a sentence that is sufficient, but not greater than necessary, to fulfill the requirements of 18 U.S.C. § 3553(a).

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax: 216-241-5022

E-mail: LBChristman@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2019, a copy of the Sentencing Memorandum of Defendant Jorge Alberto Barrera Gutierrez, Jr was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

s/ Leif B. Christman
Leif B. Christman
*Attorney for Defendant*

# Appendix A




## Northeast Ohio Correctional Center

*This Certifies That*

Jorge Barrera Jr.

*Has successfully completed the required course of study in the*

*40 hour Substance Abuse Program and is therefore awarded this*

# CERTIFICATE OF ACHIEVEMENT

Given this 4th day of October, 2019

Substance Abuse Counselor — D. Cook

Assistant Warden — M. Mackey

© 2018 Great Papers




## Northeast Ohio Correctional Center

*This Certifies That*

Jorge Barrera Jr.

*Has successfully completed the required course of study in the 40 hour Men's Group Program and is therefore awarded this*

# CERTIFICATE OF ACHIEVEMENT

Given this 7th day of October, 2019

Substance Abuse Counselor

Assistant Warden

© 2018 Great Papers